[Cite as *In re A.C.*, 2018-Ohio-2687.]

wCOURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| | JUDGES:<br>Hon. John W. Wise, P. J. |
| IN THE MATTER OF: | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| A.C. | Case No. CT2017-0086 |
| | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 21630115 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 9, 2018 |

APPEARANCES:

| | |
|---|---|
| For Appellant Mother | For Appellee MCACPS |
| VALERIE WIGGINS<br>WIGGINS LAW OFFICE<br>107 South Main Street<br>New Lexington, Ohio  43764 | D. MICHAEL HADDOX<br>PROSECUTING ATTORNEY<br>GERALD V. ANDERSON II<br>ASSISTANT PROSECUTOR<br>27 North Fifth Street, P.O. Box 189<br>Zanesville, Ohio  43702-0189 |

*Wise, P. J.*

{¶1}   Appellant-Mother Tosha Mayle appeals the decision of the Muskingum County Court of Common Pleas, Juvenile Division, which granted legal custody of her minor child, A.C., to a third party as a dispositional order in an action commenced by Appellee Muskingum County Adult and Child Protective Services ("MCACPS"). The relevant procedural facts leading to this appeal are as follows.

{¶2}   Appellant is the mother of A.C., born in 2009. A.C.'s alleged father, Curtis C., did not participate in the case planning and is not a party to the present appeal.

{¶3}   MCACPS filed a complaint in the Muskingum County Court of Common Pleas, Juvenile Division on August 17, 2016, alleging that A.C. and her sister, C.C., were neglected and/or dependent.[1] The agency's numerous concerns with appellant-mother at that time included allegations that she and her older daughter, C.C., had been living in a Jeep parked next to the house of an alleged drug dealer in Zanesville, that appellant was using crack cocaine, and that C.C. did not have sufficient food. Appellant at that time had purportedly left A.C. with the girl's aunt. The agency further stated concerns that appellant, who had been the subject of prior MCACPS involvement, had been the victim of domestic violence and that C.C. had tested positive for marijuana.

{¶4}   The matter proceeded to adjudication and disposition on October 16, 2016. At that time, appellant admitted to the dependency allegation. MCACPS dismissed the neglect allegation. Via a judgment entry issued October 27, 2016, the trial court found

---

[1]   Appellant's older sister, C.C., is the subject of a related appeal in this Court, under case number CT2017-0085.

C.C. and A.C. to be dependent. Both C.C. and A.C. were placed into the temporary custody of Anna and Andrew P.[2] Protective supervision was also granted.

{¶5} On April 18, 2017, the trial court granted party status to Anna P. and her husband on its own motion.

{¶6} On April 26, 2017, the guardian ad litem filed an amended report recommending suspending or reducing appellant's unsupervised visitation time because of appellant's cell phone usage during previous visits and her discussions with the children about the case.

{¶7} On May 8, 2017, Anna P., filed a motion seeking legal custody of both children. An evidentiary hearing on the matter was conducted by the trial court on September 26, 2017. The child's alleged father, Curtis C., did not appear. After hearing the testimony, the court ordered the parties to submit proposed findings of fact and conclusions of law.

{¶8} On October 13, 2017, the trial court issued a four-page decision granting legal custody of both children to Anna P. The court additionally terminated protective supervision, but granted appellant supervised visitation at Anna P.'s discretion.[3]

{¶9} On November 13, 2017, appellant-mother filed a notice of appeal. She herein raises the following five Assignments of Error:

---

[2] Anna P. is the mother-in-law of appellant's brother. For reasons apparently related to a marital separation, her husband Andrew eventually dropped out of legal participation in the case.

[3] Appellant did not include or attach with her brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original document in the record.

**{¶10}** "I.  THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THE MOTHER'S FUNDAMENTAL CONSTITUTIONAL RIGHTS WHEN IT TERMINATED THE CASE AND GRANTED LEGAL CUSTODY TO A THIRD PARTY WHILE THE MOTHER WAS ACTIVELY WORKING HER CASE PLAN, WAS ENGAGED IN SERVICES, AND WAS MAKING SUBSTANTIAL PROGRESS. FURTHER, THE TRIAL COURT'S DECISION TO GRANT LEGAL CUSTODY TO A THIRD PARTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶11}** "II.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE AGENCY HAD MADE REASONABLE EFFORTS TO PREVENT CONTINUED REMOVAL OF THE CHILDREN FROM THE HOME.

**{¶12}** "III.  THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT GRANTED LEGAL CUSTODY OF THE CHILDREN TO A THIRD PARTY IRRESPECTIVE OF THE AGENCY'S CLEAR VIOLATION OF R.C. 5153.16.

**{¶13}** "IV. COUNSEL FOR THE MOTHER WAS INEFFECTIVE.

**{¶14}** "V. THE GUARDIAN AD LITEM FAILED TO COMPETENTLY PERFORM HER DUTIES PURSUANT TO SUPERINTENDENCE RULE 48[.] THUS THE COURT ERRED AS A MATTER OF LAW IN TAKING HER UPDATED REPORT INTO EVIDENCE AND ALLOWING HER TO SUBMIT TESTIMONY AND A BEST INTEREST RECOMMENDATION."

I.

**{¶15}** In her First Assignment of Error, appellant argues the trial court's decision to grant legal custody of A.C. to Anna P., the mother-in-law of appellant's brother, was an

abuse of discretion, a violation of her constitutional parental rights, and against the manifest weight of the evidence.

{¶16} In Ohio, the statutorily permissible dispositional alternatives in dependency, neglect, or abuse cases are enumerated in R.C. 2151.353(A). *See, e.g., In re S.Y.,* 5th Dist. Tuscarawas No. 2011AP04 0018, 2011–Ohio–4621, ¶ 31. In particular, R.C. 2151.353(A)(3) provides in pertinent part: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: * * * Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. * * *."

{¶17} It is axiomatic that in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. *See Thompson v. Thompson* (1987), 31 Ohio App.3d 254, 258, 511 N.E.2d 412, citing *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 106 N.E.2d 772. A trial court "must have wide latitude in considering all the evidence" and a custody decision will not be reversed absent an abuse of discretion. *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the finder of fact could base its judgment. *Cross Truck Equip. Co. v. Joseph A. Jeffries Co.,* 5th Dist. Stark No. CA5758, 1982 WL 2911. Unlike a permanent custody proceeding where a juvenile court's standard of review is by clear and convincing evidence, the standard of review in legal custody proceedings is a preponderance of the

evidence. *In re S.D.,* 5th Dist. Stark Nos. 2013CA0081 & 2013CA0082, 2013–Ohio–5752, ¶ 32 (citations omitted).

**{¶18}** Despite the differences between a disposition of permanent custody and legal custody, some Ohio courts have recognized "the statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial courts making legal custody decisions." *In re A.F.,* 9th Dist. No. 24317, 2009–Ohio–333 at ¶ 7, citing *In re T.A.,* 9th Dist. No. 22954, 2006–Ohio–4468 at ¶ 17. The test would thus encompass a consideration of factors including, but not limited to: (1) the child's interaction with his or her parents, siblings, relatives, foster caregivers, and others, (2) the child's wishes, which may be expressed by the guardian ad litem, (3) the child's custodial history, and (4) the need for a legally secure permanent placement. *See* R.C. 2151.414(D)(1).

**{¶19}** Before proceeding further into the merits of the present appeal, it is incumbent that we address the status of the record before us. While a trial court may choose to record its proceedings through the use of an audio-recording device, "[r]egardless of the method of recording the proceedings, a transcript is required for the record on appeal * * *." *See In re Adoption of Z.A.*, 5th Dist. Licking No. 16–CA–05, 2016–Ohio–3159, ¶ 15, quoting 2011 Staff Note to App.R. 9. It is well-settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings. *In re Craig,* 5th Dist. Tuscarawas No. 2008 AP 05 0030, 2008–Ohio–4251, ¶ 9, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The Appellate Rules require an appellant's brief to

support the arguments therein "with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7)

**{¶20}** Appellant herein concedes that the recording of the legal custody hearing in the case *sub judice*, except for closing arguments, was not preserved for transcription. *See* Appellant's Brief at 8. In appellant's brief, appellant's counsel somewhat cryptically states that she "had to recreate the record from other sources." *Id.* Furthermore, although appellant's counsel has put together an extensive statement of facts section in her brief, albeit without transcript citations, we find the record does not demonstrate a proper alternative to a transcript as set forth under App.R. 9(C) or 9(D).

**{¶21}** However, in the interest of justice, we would at least observe that the trial court heard the evidence and made findings regarding appellant's history of drug abuse, her failure to seek mental health treatment absent a court order, lack of electricity in her housing, unemployment, lack of transportation, and incidents of reduced supervised visits due to her behavior. The court found, based on Dr. Wolfgang's psychological report, that an increased risk of dependency and neglect would likely occur if C.C. and A.C. were to be returned to appellant's care. Notably, documentation was provided to the trial court that out of a total of 105 drugs screens, appellant tested positive for illegal narcotics 58 times and failed to test 12 times. *See* Exhibit A, 2-4. The court also noted the agency's concerns that appellant would not protect A.C.'s sister, C.C., from sexual abuse reported by the child against her alleged father. The court also cited the progress C.C. and A.C. had made academically since their removal, specifically in moving up in reading comprehension from a "below kindergarten level." Lastly, the guardian ad litem ("GAL") filed a final report recommending that legal custody be granted to Anna P. The court found

that it was in the best interest of the children to grant legal custody to Anna P., and ordered closure of the case.

{¶22}  Appellant, among other things, urges that the trial court made erroneous findings of fact or made findings based on issues that had been remedied or addressed, and it "severely downplayed [her] accomplishments." Appellant's Brief at 8. However, under the circumstances of our present limited review, we presume regularity in the proceedings and conclude the trial court's decision to grant legal custody of A.C. to Anna P. was made in the consideration of the child's best interests and did not constitute reversible error or an abuse of discretion.

{¶23}  Appellant's First Assignment of Error is therefore overruled.

II., III.

{¶24}  In her Second and Third Assignments of Error, appellant challenges the trial court's conclusion that MCACPS made reasonable efforts to prevent continued removal of A.C. from the home, and correspondingly contends the trial court committed plain error by granting legal custody of A.C. to Anna P.

{¶25}  Appellant largely relies upon R.C. 5153.16(A)(18), which requires a public children services agency to "[m]ake reasonable efforts to prevent the removal of an alleged or adjudicated abused, neglected, or dependent child from the child's home, eliminate the continued removal of the child from the child's home, or make it possible for the child to return home safely, except that reasonable efforts of that nature are not required when a court has made a determination under division (A)(2) of section 2151.419 of the Revised Code."

**{¶26}** In essence, appellant charges that MCACPS failed to provide her with adequate mental health services during the pertinent time frames so that she could have made more progress on her overall case plan. However, as discussed previously, the absence of an adequate transcript in this instance compels us to presume regularity in the trial court proceedings addressing this issue. *See Knapp, supra.*

**{¶27}** Appellant's Second and Third Assignments of Error are therefore overruled.

IV.

**{¶28}** In her Fourth Assignment of Error, appellant contends she received ineffective assistance of trial counsel during the proceedings leading to the trial court's decision to award legal custody of A.C. to Anna P.

**{¶29}** A parent has a fundamental liberty interest in the care, custody, and management of his or her child. *See In re Gower/Evans Children,* 5th Dist. Tuscarawas No. 06AP060034, 2006–Ohio–5676, ¶ 28, citing *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. This Court has thus recognized "ineffective assistance" claims in permanent custody appeals. *See, e.g., In re Utt Children,* 5th Dist. Stark No. 2003CA00196, 2003–Ohio–4576. However, we have not expanded the doctrine of ineffective assistance of counsel beyond criminal cases and those involving permanent custody. *See In re Logwood,* 5th Dist. Guernsey No. 2004–CA–38, 2005–Ohio–3639, ¶ 26.

**{¶30}** Legal custody to a third party and permanent custody to a children services agency are alternative dispositional choices. *See In re Fell,* 5th Dist. Guernsey No. 2004–CA–39, 2005–Ohio–2415, ¶ 17; R.C. 2151.353(A)(3); R.C. 2151.353(A)(4). The matter

presently before us did not result in an order of permanent custody to MCACPS. *See, also,* R.C. 2151.011(B)(31).

**{¶31}** We therefore will not further address appellant's Fourth Assignment of Error. Accord *In re W.A.,* 5th Dist. Muskingum No. CT2013–0002, 2013–Ohio–3444.

V.

**{¶32}** In her Fifth Assignment of Error, appellant argues the trial court erred in relying on the recommendations of the guardian ad litem, Attorney Bonnie Vangeloff, who appellant claims did not sufficiently perform her duties under Sup.R. 48. We disagree.

**{¶33}** Sup.R. 48(F) states that "[a] guardian ad litem shall prepare a written final report, including recommendations to the court, within the times set forth in this division." Subsection (F)(1)(c) specifically states: "Unless waived by all parties or unless the due date is extended by the court, the final report shall be filed with the court and made available to the parties for inspection no less than seven days before the dispositional hearing. Written reports maybe [sic] accessed in person or by phone by the parties or their legal representatives. A copy shall be provided to the court at the hearing." Also, Sup.R. 48(D)(13) requires a guardian ad litem to make reasonable efforts "to become informed about the facts of the case and to contact all parties."

**{¶34}** In the case *sub judice*, appellant alleges that GAL in this case failed to stay sufficiently informed and updated on the facts involving the children, made erroneous statements in her report, and twice failed to comply with timely report filing requirements. Appellant also charges that the GAL's final report does not indicate that she had conducted a proper home visit.

**{¶35}** However, we have recognized that Sup.R. 48 is a general guideline that does not have the force of statutory law, and therefore an appellant does not have any substantive right to enforce it. *Rice v. Rice,* 5th Dist. Delaware No. 10 CAF 11 0091, 2011–Ohio–3099, ¶ 40 (additional citation omitted). Furthermore, it is well-established that the trial court in a bench trial is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. Summit No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

**{¶36}** Our limited review of the record under *Knapp*, *supra*, does not indicate that appellate reversal would be warranted in this instance against the trial judge who observed the evidentiary proceedings firsthand and weighed the testimony and reports of the GAL.

**{¶37}** Appellant's Fifth Assignment of Error is therefore overruled.

**{¶38}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is hereby affirmed.

By: Wise, P. J.

Hoffman, J., and

Baldwin, J., concur.

JWW/d 0622