[Cite as *In re J.M.*, 2019-Ohio-520.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: J.M. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | Case Nos. 18-CA-25 |
| | : | 18-CA-30 |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from Court of Common Pleas, Juvenile Division, Case No. 2016 AB 0146

JUDGMENT:                          Affirmed

DATE OF JUDGMENT:                  February 11, 2019

APPEARANCES:

For Appellant H.H.                 For Appellee

CHRISTINA A. MCGILL               ANDREW KAGEN
127 West Wheeling Street          239 West Main Street, Suite 101
Lancaster, OH 43130              Lancaster, OH 43130

For Appellant J.M.                 Guardian ad Litem

DARREN MEADE                      WILLIAM J. HOLT
3010 Hayden Road                  117 West Main Street, Suite 104
Columbus, OH 43235               Lancaster, OH 43130

*Wise, Earle, P.J.*

{¶ 1}   Appellant-child, J.M., (18-CA-25) and appellant-mother, H.H., (18-CA-30), appeal the May 31, 2018 judgment entry of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, denying their objections and granting legal custody of J.M. to the maternal grandfather and step-grandmother.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 19, 2016, the Fairfield County Child Protective Services filed a complaint alleging J.M., born February 8, 2007, to be a dependent child.  Mother is H.H.; father via an affidavit of paternity is C.M.

{¶ 3}   An adjudicatory hearing was held on October 26, 2016.  By judgment entry filed same date, the trial court found child to be dependent, and placed child in the temporary custody of the paternal grandmother with protective supervision to the agency.

{¶ 4}   On May 9, 2017, child was placed in the agency's temporary custody following an emergency shelter care hearing.  On May 16, 2017, the agency filed a motion seeking the temporary custody of child.  The trial court granted the motion on September 19, 2017.

{¶ 5}   On October 10, 2017, the agency filed a motion to terminate its temporary custody of child and place child in the legal custody of the maternal grandfather and step-grandmother.  A hearing before a magistrate was held on February 14, 2018.  Father did not oppose the motion.  By decision filed May 10, 2018, the magistrate granted the motion and placed child in the legal custody of the maternal grandfather and step-grandmother.

{¶ 6}   On May 24, 2018, both child and mother filed objections.  On same date, mother also filed a motion for legal custody which was stayed pending a ruling on the

objections. By judgment entry filed May 31, 2018, the trial court overruled the objections and upheld the magistrate's decision. The trial court ordered reasonable supervised visitation of child for both mother and father.

{¶ 7}   Child filed an appeal and assigned the following errors:

I

{¶ 8}   "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT IT WAS IN THE CHILD'S BEST INTEREST TO BE PLACED IN THE LEGAL CUSTODY OF THE MATERNAL GRANDPARENTS, AS SUCH A DETERMINATION WAS AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED."

II

{¶ 9}   "THE TRIAL COURT'S GRANTING LEGAL CUSTODY OF J.M. TO HER MATERNAL GRANDPARENTS CONTRARY TO THE GUARDIAN AD LITEM'S RECOMMENDATION CONSTITUTED AN ABUSE OF DISCRETION."

{¶ 10} Mother filed an appeal and assigned the following errors:

I

{¶ 11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AFFIRMING THE MAGISTRATE'S DECISION GRANTING LEGAL CUSTODY OF J.M. TO THE MATERNAL GRANDATHER AND STEP-GRANDMOTHER WITHOUT AN INDEPENDENT REVIEW OF THE TRANSCRIPT OF THE PROCEEDINGS."

II

{¶ 12} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER ADDITIONAL EVIDENCE OR TO RETURN THE MATTER TO THE MAGISTRATE FOR FURTHER PROCEEDINGS PRIOR TO AFFIRMING THE MAGISTRATE'S DECISION GRANTING LEGAL CUSTODY OF J.M. TO THE MATERNAL GRANDFATHER AND STEP-GRANDMOTHER."

### III

{¶ 13} "THE TRIAL COURT'S FINDING THAT LEGAL CUSTODY TO MATERNAL GRANDFATHER AND STEP-GRANDMOTHER WAS IN THE BEST INTEREST OF J.M. IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

### IV

{¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING MOTHER MINIMAL SUPERVISED VISITATION WITH J.M."

### V

{¶ 15} "MOTHER WAS DEPRIVED OF HER CONSITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

### MOTHER I

{¶ 16} In mother's first assignment of error, mother claims the trial court failed to conduct an independent review of the transcript of the proceedings.  We disagree.

{¶ 17} Juv.R. 40(D)(3)(b)(iii) states the following in pertinent part:

> The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.  If a party files

timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 18} Juv.R. 40(D)(4)(d) states the following in pertinent part: "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶ 19} Mother timely filed objections on May 24, 2018. The trial court ruled on the objections and entered judgment on May 31, 2018. Mother argues the trial court could not have conducted an independent review of the proceedings before the magistrate because the trial court ruled before the thirty day time limit for the filing of the transcript.

{¶ 20} There is no indication in the record that mother ordered a transcript of the magistrate's hearing around the time she filed her objections. The trial court was never asked to extend the time for the filing of the transcript or to supplement the objections with the transcript pursuant to Juv.R. 40(D)(3)(b)(iii). The transcript was simply never ordered for the trial court's review of the objections.

{¶ 21} Mother indicated in her docketing statement to this court that a full transcript "has been ordered." Mother filed her notice on June 28, 2018, beyond the thirty day time limit for filing the transcript for objections. The transcript was ordered for appellate review, not trial court review.

{¶ 22} In its judgment entry, the trial court specifically stated it "conducted an independent review of the facts presented in this case including the transcript if filed and exhibits that may have been submitted." The trial court acknowledged that "no transcript or affidavit were filed with the Court." A trial court cannot review what has not been filed

as required by the objecting party, and the objecting party cannot come running to this court to argue error he/she invited.

{¶ 23} Upon review, we find the trial court did not fail to conduct an independent review.

{¶ 24} Mother's Assignment of Error I is denied.

## MOTHER II

{¶ 25} In mother's second assignment of error, mother claims the trial court erred in failing to consider additional evidence or to return the matter to the magistrate for further proceedings.  We disagree.

{¶ 26} Juv.R. 40(D)(4)(d) states in pertinent part: "Before so ruling [on objections], the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."

{¶ 27} In its judgment entry, the trial court specifically stated: "The Court has determined that it shall not hear additional evidence as the Court finds that the objecting parties have failed to demonstrate that the parties could not, with reasonable diligence, produce that evidence for consideration of the Magistrate pursuant to Juv R 40(D)(4)(d)."

{¶ 28} In requesting that the trial court take additional evidence or return the matter to the magistrate for further proceedings, mother argued her counsel was ineffective and in the three month period between the magistrate's hearing and the filing of the magistrate's decision, mother progressed and complied with her case plan as follows:

a. By the time the decision was issued on May 10th, 2018, Mother had been regularly and consistently exercising unsupervised visitations each and every weekend with the minor child. This is inconsistent with the Magistrate's decision that her visitation be supervised in an increments (sic) of three hours a week.

b. The now legal custodians have failed to adequately provide medical care and support for the minor child in their care. They have allowed Mother to come to their home, remove the child and take her for medical care of an emergency nature.

c. Mother is traveling to take the minor child to counseling sessions and has engaged in family sessions since this Court's hearing on February 14th, 2018.

{¶ 29} Statements (a) and (b) address what the legal custodians were doing, which under the court order at the time was being lax and permitting mother unsupervised time with child contrary to court order. Statement (c) claims that mother has engaged in family counseling sessions since the hearing on February 14, 2018. Mother did not address the magistrate's concerns of the lack of stable housing and income, protecting child from father in light of mother's violation of a civil protection order, engaging in mental health and substance abuse services including drug and alcohol screening, demonstrating a consistency of sobriety, and failing to remedy the conditions that caused child to be placed outside the home. Mother simply objected to these magistrate's findings without

reference to transcript pages to refute the findings because a transcript was not provided for the trial court's review.

{¶ 30} As for her ineffective assistance of counsel claims, mother argued for further proceedings because her counsel failed to call any witnesses or present any evidence on her behalf, should have filed for a continuance to show her consistency of compliance over time, and failed to advise her of her rights to ask for a continuance or present evidence at trial.

{¶ 31} The trial court did not have the benefit of a transcript to review appellant's claims of ineffective assistance of counsel. The trial court was unable to determine if trial counsel's failure to call witnesses or present evidence was clear trial strategy or a deficiency on counsel's part. We note the case had already been pending for a year and a half as appellant attempted to meet the objectives of the case plan, and therefore do not see how appellant was prejudiced by counsel not requesting a continuance.

{¶ 32} We concur with the trial court that mother did not meet her burden under Juv R 40(D)(4)(d) for additional evidence or further proceedings.

{¶ 33} Upon review, we find the trial court did not err in refusing to entertain additional evidence or return the matter to the magistrate for further proceedings.

{¶ 34} Mother's Assignment of Error II is denied.

### MOTHER III, CHILD I and II

{¶ 35} In mother's third assignment of error and child's first assignment of error, they claim the trial court's decision to grant legal custody of child to the maternal grandfather and step-grandmother was against the manifest weight of the evidence. In

child's second assignment of error, child claims the trial court abused its discretion in ruling contrary to the guardian ad litem's recommendation.  We disagree.

{¶ 36} R.C. 2151.353(A)(3) states the following in pertinent part:

(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.

{¶ 37} We agree with the following analysis set forth by our colleagues from the Eighth District in *In re D.T.,* 8th Dist. Cuyahoga Nos. 100970 and 100971, 2014-Ohio-4818, ¶ 19-22:

Legal custody is significantly different than the termination of parental rights in that, despite losing legal custody of a child, the parent of the child retains residual parental rights, privileges, and responsibilities. *In re G.M.,* 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14, citing R.C. 2151.353(A)(3)(c).  In such a case, a parent's right to regain custody is not permanently foreclosed. *In re M.J.M.* [8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674] at ¶ 12.  For this reason, the standard the trial court uses in making its determination is the less restrictive "preponderance of the

evidence." *Id.* at ¶ 9, citing *In re Nice,* 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001). "Preponderance of the evidence" means evidence that is more probable, more persuasive, or of greater probative value. *In re C.V.M.,* 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7.

Unlike permanent custody cases in which the trial court is guided by the factors outlined in R.C. 2151.414(D) before terminating parental rights and granting permanent custody, R.C. 2151.353(A)(3) does not provide factors the court should consider in determining the child's best interest in a motion for legal custody. *In re G.M.* at ¶ 15. We must presume that, in the absence of best interest factors in a legal custody case, "the legislature did not intend to require the consideration of certain factors as a predicate for granting legal custody." *Id.* at ¶ 16. Such factors, however, are instructive when making a determination as to the child's best interest. *In re E.A.* [8th Dist. Cuyahoga No. 99065, 2013-Ohio-1193] at ¶ 13.

The best interest factors include, for example, the interaction of the child with the child's parents, relatives, and caregivers; the custodial history of the child; the child's need for a legally secure permanent placement; and whether a parent has continuously and repeatedly failed to substantially remedy the conditions causing the child to be placed outside the child's home. R.C. 2151.414(D).

Because custody determinations " 'are some of the most difficult and agonizing decisions a trial judge must make,' " a trial judge must have broad discretion in considering all of the evidence. *In re E.A.* at ¶ 10, quoting

*Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). We therefore review a trial court's determination of legal custody for an abuse of discretion. *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Accord, In re L.D.,* 10th Dist. Franklin No. 12AP-985, 2013-Ohio-3214; *Stull v. Richland County Children Services,* 5th Dist. Richland Nos. 11CA47 and 11CA48, 2012-Ohio-738.

{¶ 38} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In *Thompkins, supra,* at 387, quoting *Black's Law Dictionary* 1594 (6th Ed.990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the

evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis sic.)

{¶ 39} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 40} Because neither mother nor child filed a transcript as required by Juv.R. 40(D)(3)(b)(iii), " 'the magistrate's findings of fact are considered established and may not be attacked on appeal.' " *J.S. v. T.S.,* 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 22, quoting *Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015-Ohio-3726, ¶ 35. "Without a transcript of the hearing, a trial court is required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts." *Bahgat v. Kissling,* 10th Dist. Franklin No. 17AP-641, 2018-Ohio-2317, ¶ 21, citing *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14, fn. 1. Even though a transcript was filed with this court, on appellate review, we cannot review the factual findings because we cannot consider the transcript that the trial court did not have the benefit of when it made its decision. *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11.

{¶ 41} During the hearing, the magistrate heard from mother, the caseworker, mother's counselor, and the guardian ad litem. The magistrate also conducted an in camera interview with child.

{¶ 42} In her decision filed May 10, 2018 at ¶ 32, the magistrate noted the initial concerns regarding child's care were "illegal substance abuse by both Mother and Father; concerns regarding intimate partner violence between Mother and Father and witnessed by [child]; and unstable living environment for [child]." The magistrate indicated at ¶ 34 and 35 that the agency filed several case plans over the course of the proceedings, requiring mother to complete the following:

> [D]emonstrate ongoing sobriety by screening regularly for drugs and alcohol; maintain stable housing and stable income; submit to a substance use disorder assessment and follow all recommendations; submit to a mental health assessment and follow all recommendations; take medication as prescribed; participate in family counseling with the child; participate in parent education; and participate in visitation.

{¶ 43} The magistrate found the following in pertinent part:

45. Mother has not complied with the aspect of her case plan with respect to maintaining stable housing and stable income.

46. Mother did not demonstrate that she had stable, appropriate housing for a significant period after the child was removed. Additionally, although she currently has housing, concern remains for her ability to maintain her current housing as she had to rely on a friend to afford the apartment on a long-term basis.

47. Mother has failed to remedy the concerns associated with this aspect of her case plan.

50. The Court finds that Mother has not yet completed parenting education.

56. Also during the time Mother was visiting the child without the knowledge of FCCPS, a civil protection order was in place between Mother and Father.  Mother knew this and still had contact with Father regarding visitation and Father was present during her entire visitation with the child.

59. This Court finds that Mother has been more compliant in recent months with regard to visitation.  However, concern remains for Mother's ability to protect the child from Father in light of Mother's violation of court orders regarding visitation and the civil protection order.

62. Mother was diagnosed with anxiety and depression.  However, she is not currently in any mental health counseling.  Her current counselor is not addressing her mental health issues.

65. Mother was asked to do a psychological evaluation.  Mother has not completed a psychological evaluation.

67. Mother participated with the call and screen program about 50% of the time until December 2016.  At that time, she stopped calling and screening.

69. Mother re-engaged in the call and screen program in August 2017.  Mother tested positive for marijuana on a screen.  Mother has

recently screened on a more consistent basis and has provided negative screens.

70. Although Mother has made some progress on her case plan, Mother has not demonstrated a pattern to the court of sobriety and/or consistency.

71. Mother began engaging in services at the end of 2017 and this case has been pending since July 2016.

72. Mother does not have stable housing and continues to struggle financially.

73. In addition, Mother testified that she has had several legal issues through the pendency of this case which have resulted in warrants being issued for her arrest.  Mother did spend some time in jail and she does not have a valid driver's license.

92. Mother has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home.

93. The Court finds that for the child to remain with or be unified with Mother would be contrary to the welfare of the child, and therefore, removal continues to be in the best interest of the child.

94. Court finds Fairfield County Child Protection Services has made reasonable efforts to reunify the child.


{¶ 44} As to best interests, the magistrate found child has expressed a desire to live with her maternal grandfather and step-mother, as well as expressing a desire to live

with mother. Child was removed from her parents' home in August 2016; child "is not able to find a legally secure placement with either biological parent at this time and this case has been pending for over 18 months. Mother is not receiving any mental health counseling, and has failed to follow court orders regarding visitation with child. Mother did not have stable housing, and there were concerns that mother acted more of a friend to child rather than a parent. The magistrate concluded, by a preponderance of the evidence, that it was in child's best interest to be placed in the legal custody of the maternal grandfather and step-grandmother.

{¶ 45} Taking the magistrate's findings as true, the trial court determined the magistrate properly applied the law in considering the best interest of child. Given the findings, we cannot find the trial court's decision to be against the manifest weight of the evidence.

{¶ 46} The magistrate noted the guardian ad litem did not support the granting of the motion for legal custody to the maternal grandfather and step-grandmother. Finding No. 31. In his report filed February 14, 2018, the guardian stated he had just been appointed as successor guardian ad litem in December 2017. He indicated he met with the legal custodians for one hour, child for one hour, and mother for about an hour and a half before writing his report. He opined in the best interest of child, the motion for legal custody to maternal grandfather and step-grandmother should be denied and child should be reunified with mother. However, he noted his report was a "preliminary opinion" pending the evidence submitted during the hearing. In his report, he acknowledged mother "is a work in progress." His most compelling question was "whether it is likely that [mother] is committed to this effort and likely that it will be successful." Again, we note

the trial court did not have the benefit of the transcript to review the guardian's testimony during the hearing.

{¶ 47} As explained by our colleagues from the Second District in *In re P.T.P.,* 2d Dist. Greene No. 2005 CA 148, 2006-Ohio-2911, ¶ 24:

A trial court is not required to follow the recommendation of a guardian ad litem. *In re P.P.,* Montgomery App. No. 19582, 2003-Ohio-1051, ¶ 24, citing *In re Haywood,* Allen App. Nos. 1-99-93, 1-99-94, 1-99-95, 2000-Ohio-1740. The function of a guardian ad litem is to consider the best interests of a child and to make a recommendation to the court, but the ultimate decision in any proceeding is for the judge, and the trial court does not err in making an order contrary to the recommendation of the guardian ad litem. *In re Howard* (1997), 119 Ohio App.3d 201, 206, 695 N.E.2d 1.

{¶ 48} Given the magistrate's findings taken as true and the extent of the guardian's involvement with the family, we cannot find the trial court abused its discretion in ruling contrary to the guardian's recommendation.

{¶ 49} Upon review, we find the trial court did not err or abuse its discretion in granting legal custody of child to the maternal grandfather and step-grandmother under the preponderance of the evidence.

{¶ 50} Mother's Assignment of Error III and child's Assignments of Error I and II are denied.

MOTHER IV

{¶ 51} In mother's fourth assignment of error, mother claims the trial court abused its discretion in granting her minimal supervised visitation with child.  We disagree.

{¶ 52} Mother did not object to the magistrate's decision on visitation.  "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."  Juv.R. 40(D)(3)(b)(iv).

{¶ 53} In *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus, the Supreme Court of Ohio explained the following:

In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.  (Citations omitted.)

{¶ 54} The *Goldfuss* court explained at 121:

The plain error doctrine originated as a criminal law concept.  In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its

application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

{¶ 55} Mother has not alleged a claim of plain error.

{¶ 56} The magistrate/trial court ordered reasonable supervised visitation between mother and child at the discretion of the legal custodians. "Reasonable" was defined as a minimum of three hours per week. The magistrate/trial court stated the visitation amount "may be expanded upon Mother demonstrating that she is consistently attending and engaging in drug and alcohol and mental health treatment, remaining clean and sober and has stable housing."

{¶ 57} As discussed above, mother consistently attending and engaging in drug/alcohol and mental health treatment and remaining clean and sober were valid concerns. Furthermore, according to mother's own arguments under her second assignment of error and footnotes 1 and 2 in her appellate brief, she has enjoyed unsupervised visitation with child well beyond the three hour minimum.

{¶ 58} Upon review, we do not find any plain error regarding the visitation order.

{¶ 59} Mother's Assignment of Error IV is denied.

### MOTHER V

{¶ 60} In mother's fifth assignment of error, mother claims she was denied the effective assistance of counsel. We disagree.

{¶ 61} Appellant argues because ineffective assistance of counsel claims are permitted in permanent custody cases, this court should find that legal custody is akin to

permanent custody and extend the application of these claims in this case.  In her appellate brief at 20, appellant argues, "[a] loss of legal custody of one's child is equally permanent and involuntary."  This argument lacks merit.  As noted above, mother retains residual parental rights, privileges, and responsibilities; she is not precluded from regaining custody.  R.C. 2151.353(A)(3)(c).  If "legal custody" was permanent, it would be called "permanent custody."

{¶ 62} This court will not expand the doctrine of ineffective assistance of counsel beyond criminal cases and those involving permanent custody.  *See Matter of C.C.,* 5th Dist. Muskingum No. CT2017-0085, 2018-Ohio-2686, ¶ 29, citing *In re Logwood,* 5th Dist. Guernsey No. 2004-CA-38, 2005-Ohio-3639, ¶ 26; *Accord In re W.A.,* 5th Dist. Muskingum No. CT2013–0002, 2013–Ohio–3444.

{¶ 63} Mother's Assignment of Error V is denied.

{¶ 64} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is hereby affirmed.

By Wise, Earle, P.J.,

Wise, John, J. and

Delaney, J. concur.

EEW/db 125