[Cite as *In re S.N.*, 2023-Ohio-67.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: S.N. & K.L. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case Nos. 2022 CA 0019 |
| | : | 2022 CA 0020 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 2021 AB 0066 & 2021 AB 0067

JUDGMENT: Affirmed

DATE OF JUDGMENT: January 12, 2023

APPEARANCES:

For Appellant-Mother

DAVID A. TAWNEY
117 West Main Street, Suite 208
Lancaster, OH 43130

For Children

ANDREW RUSS
117 West Main Street, Suite 110
Lancaster, OH 43130

Guardian ad Litem

AJMERI HOQUE
85 East Gay Street, Suite 804
Columbus, OH 43215

For Appellee-Agency

WILLIAM KOVALESKI
239 West Main Street, Suite 101
Lancaster, OH 43130

For Fathers

CEDRIC COLLINS
P.O. Box 564
Pickerington, OH 43147

WILLIAM J. HOLT
2140 Lancaster-Newark Road
P.O. Box 2252
Lancaster, OH 43130

*Wise, Earle, P.J.*

{¶ 1}   Appellant-Mother, D.S., appeals the May 31, 2022 judgment entries of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, granting legal custody of one child to the child's father and granting permanent custody of another child to appellee, Fairfield County Child Protection Services.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 24, 2021, S.N. born June 2006 and Ka.L. born June 2007, were adjudicated dependent and placed in the temporary custody of appellee.  Mother of the children is appellant herein; father of S.N. is P.L. and father of Ka.L. is Kh.L.  In October 2021, appellant moved from Ohio to California where she resides in a homeless shelter.

{¶ 3}   On February 10, 2022, appellee filed a motion for permanent custody of S.N. (Case No. 2021 AB 66) and a motion for legal custody of Ka.L. (Case No. 2021 AB 67).  A hearing before a magistrate was held on May 9, 2022, regarding the legal custody motion.  A hearing before a magistrate was held on May 11, 2022, regarding the permanent custody motion.  By decision filed May 10, 2022, the magistrate granted legal custody of Ka.L. to her father.  By decision filed May 11, 2022, the magistrate granted permanent custody of S.N. to appellee.  By judgment entries attached to the end of each decision and filed May 31, 2022, the trial court approved and adopted the magistrate's decisions.  No objections to the magistrate's decisions were filed.

{¶ 4}   On June 1, 2022, a "Court Ordered Dispositional Annual Review Oral Hearing on Motion to Maintain Permanent Custody Judgment Entry/Magistrate's Decision" was filed in S.N.'s case pursuant to an annual review hearing held on June 1,

2022.  The order stated S.N. shall remain in appellee's permanent custody.  The order was signed by the magistrate, but was not signed by the trial court.

{¶ 5}  Appellant filed appeals and this matter is now before this court for consideration.  The assignments of error in each appeal are essentially identical and are as follows:

I

{¶ 6}  "THE TRIAL COURT ERRED IN HAVING A HEARING ON THE PERMANENT CUSTODY/LEGAL CUSTODY MOTION TEN MONTHS BEFORE THE STATUTORY DEADLINE FOR THIS MATTER TO BE TRIED BY THE COURT."

II

{¶ 7}  "THE TRIAL COURT ERRED IN NOT GRANTING A CONTINUANCE OF THE TRIAL AS REQUESTED BY THE APPELLANT TO ALLOW ADDITIONAL TIME FOR APPELLANT TO COMPLY WITH THE CASE PLAN."

III

{¶ 8}  "THE TRIAL COURT ERRED IN FINDING THAT THE MINOR CHILDREN COULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE LENGTH OF TIME."

{¶ 9}  At the outset, we must first address two issues.  The first issue is jurisdiction. Appellant filed an appeal in each case from the "5/10/22" judgment.  There is a magistrate's decision filed May 10, 2022, regarding the legal custody of Ka.L. and a magistrate's decision filed May 11, 2022, regarding the permanent custody of S.N.  The trial court's judgment entries approving and adopting the magistrate's decisions were attached at the end of each decision and filed on May 31, 2022.  The record does not

contain a judgment entry filed on May 10, 2022.  Attached to the notice of appeal in Ka.L.'s appeal (Case No. 2022 CA 0020) is the May 10, 2022 magistrate's decision.  Attached to the notice of appeal in S.N.'s appeal (Case No. 2022 CA 0019) is the June 1, 2022 order from the annual review.  Both appeals were filed on June 9, 2022.

{¶ 10} This court has jurisdiction to hear appeals on final orders.  Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02; R.C. 2505.03.  A magistrate's order does not constitute a final order.  *A.A. v. F.A.,* 5th Dist. Delaware No. 18 CAF 10 0079, 2019-Ohio-1706, ¶ 19.  However, the trial court entered final judgments in each case on May 31, 2022, and appellant filed her appeals on June 9, 2022, within time pursuant to App.R. 4(A)(1).  Before this court is a final judgment in each case, timely filed appeals, and the correct juvenile record for each child.  Notwithstanding the numerous errors in filing the appeals, we find this court has jurisdiction to entertain the appeals.

{¶ 11} The second issue is the scope of our review.  Appellant failed to file objections to the magistrate's decisions.  The trial court approved and adopted the magistrate's decision well outside the objection time of fourteen days.

{¶ 12} Juv.R. 40 governs magistrates.  Subsection (D)(3)(b)(i) states: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i)."  Subsection (D)(3)(b)(iii) states: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."  Subsection (D)(3)(b)(iv) states: "Except for a claim of plain

error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."  Subsection (D)(3)(a)(iii) states in part:

> A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b).

{¶ 13} The magistrate's decisions included this notice.

{¶ 14} Plain error is defined in *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."  The *Goldfuss* court at 121, explained the following:

> The plain error doctrine originated as a criminal law concept.  In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its

application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

{¶ 15} The appellate record contains transcripts of the magistrate's hearings, but were not provided to the trial court for its review. As stated by this court in *Doane v. Doane,* 5th Dist. Guernsey No. 00CA21, 2001 WL 474267, *3 (May 2, 2001), citing *State ex rel. Duncan v. Chippewa Township Trustees,* 73 Ohio St.3d 728, 654 N.E.2d 1254 (1975):

When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record.

{¶ 16} "Even though a transcript was filed with this court, on appellate review, we cannot review the factual findings because we cannot consider the transcript that the trial court did not have the benefit of when it made its decision." *Matter of J.M.,* 5th Dist. Fairfield No. 18-CA-25, 2019-Ohio-520, ¶ 40, citing *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11.

{¶ 17} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 18} It is under these rules and standards that we now review appellant's assignments of error.

I

{¶ 19} In her first assignment of error, appellant claims the trial court erred in holding hearings on appellee's motions ten months before the statutory deadline for the matters to be tried to the court. We disagree.

{¶ 20} Appellant argues her parental rights were severed too soon as the trial court "had an additional eleven months before it was required under Ohio law to act" on severing her parental rights. Appellant's Brief at 9-10.

{¶ 21} R.C. 2151.353 governs disposition of abused, neglected, or dependent child and states in pertinent part:

(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.

(4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D)(1) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child.

{¶ 22} Appellant does not cite to a statutory minimum time that a trial court must wait to hold a hearing and/or make a disposition. While there are maximum time deadlines, there are no minimum times. R.C. 2151.35(B)(1) and 2151.414(A)(2). As long as all the statutory requirements are met pertaining to legal and permanent custody, including notice and service, a trial court may make such a disposition without waiting for the time deadline for hearing.

{¶ 23} Upon review, we find the trial court did not prematurely rule on the motions.

{¶ 24} Assignment of Error I is denied.

II

{¶ 25} In her second assignment of error, appellant claims the trial court erred in not granting her requests for a continuance to allow her additional time to comply with the case plans. We disagree.

{¶ 26} The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger,* 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981); *Blakemore, supra.* "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary

as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."  *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 1 L.Ed.2d 921 (1964).  Pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties."

{¶ 27} The motions herein were filed on February 10, 2022.  Appellant resided in California and was served on April 19, 2022.  The hearings were held on May 9, and 11, 2022.  Appellant argues she did not have enough time to find a way to return to Ohio for the hearings as she was "homeless, penniless, and without transportation."  Appellant's Brief at 9.

{¶ 28} Appellant did not file a written motion for a continuance for either hearing.  Instead, oral motions were made at the start of the hearings.  In its May 10, and 11, 2022 decisions, the magistrate stated the following, respectively:

> Attorney Herzberger requested a continuance of the [legal custody] hearing for Mother to be present.  The Court denied that motion as mother had been aware of the date of the hearing for some time through her attorney and was not present at the hearing.
>
> Prior to the commencement of the [permanent custody] oral hearing, attorney Herzberger requested a continuance on behalf of Mother of the hearing to allow her to be present at the hearing.  The Court denied this request for a continuance as Mother had knowledge of the hearing and continual communication with her attorney regarding the hearing, moved to

California while this matter was pending and made no attempt to be present for the hearing.

{¶ 29} Appellant chose to move to California during the pendency of the cases. There is no indication in the record as to why appellant could not return to Ohio for the hearings, or when or if appellant planned to return.

{¶ 30} Upon review, we find no abuse of discretion in denying the requests for a continuance.

{¶ 31} Assignment of Error II is denied.

III

{¶ 32} In her third assignment of error, appellant claims the trial court erred in finding the children could not be placed with her within a reasonable length of time. We disagree.

{¶ 33} Appellant argues there is no information in the record as to her interactions and/or relationships with her children, her living situation in California except that she was living in a homeless shelter, her sobriety, and whether she engaged in parenting education services. Appellant's Brief at 12-13.

{¶ 34} As we noted above, appellant failed to file objections to the magistrate's decisions and therefore we must apply a plain error standard of review. Appellant did not make any arguments as to plain error. "[A]ppellant has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights." *A.A. v. F.A.,* 5th Dist. Delaware No. 18 CAF 10

0079, 2019-Ohio-1706, ¶ 22, citing *State v. Benitez-Maranon*, 9th Dist. Summit No. 26461, 2014-Ohio-3575, ¶ 7.

{¶ 35} We have reviewed the magistrate's thorough findings of fact and conclusions of law in each decision, along with the applicable statutes, and do not find any manifest miscarriage of justice, nor do we find any error that "would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). We do not find any plain error. The trial court stated it reviewed the magistrate's decisions for any errors pursuant to Juv.R. 40 and approved and adopted the decisions.

{¶ 36} Upon review, we find the trial court did not abuse its discretion in adopting the magistrate's decisions.

{¶ 37} Assignment of Error III is denied.

{¶ 38} The judgments of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, are hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Baldwin, J. concur.

EEW/db