[Cite as *Martin v. New Philadelphia Police Dept.*, 2023-Ohio-1491.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JEFFERY L. MARTIN | Case No. 2023-00249PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| NEW PHILADELPHIA POLICE DEPARTMENT | |
| Respondent | |

{¶1} This matter is before the special master following a R.C. 2743.75(D)(2) examination of the complaint. Based on the examination, the special master recommends that this case be dismissed for lack of subject matter jurisdiction.

## I. Background.

{¶2} Requester Jeffrey Martin had an encounter with two officers of the Respondent New Philadelphia Police Department ("the Department"). Mr. Martin requested and received a copy of the call record report describing the encounter. He believes that the report inaccurately described the encounter and filed a personnel complaint with the Department to address the matter. *Complaint*, pp. 1-10, 19.[1]

{¶3} Mr. Martin filed this case on April 3. 2023. The undersigned was assigned as the special master and has examined the complaint. *Entry*, filed April 11, 2023.

## II. Analysis.

### A. This case should be dismissed because Requester's claim is beyond this court's subject matter jurisdiction.

---

[1] All references to specific pages of the complaint are to the pages of the PDF copy posted on the court's online docket. That said, it appears that the pages of the complaint as written were disordered, either as mailed to the court or as scanned. It seems that the pages appearing as pp. 7-8 online were originally the second and third pages of the complaint, that those pages were followed by the pages now appearing as pp. 9-10, and that the pages posted online as pp. 2-6 followed the pages posted as pp. 9-10.

{¶4} R.C. 2743.75(D)(2) requires the special master to examine complaints and authorizes him to recommend dismissal if appropriate. Dismissal is appropriate if the claims are beyond this court's subject matter jurisdiction. *Isreal v. Franklin Cty. Clerk*, Ct. of Cl. No. 2019-00547PQ, 2019-Ohio-2630, ¶¶ 9-10. That is the case here.

{¶5} The Court of Claims "may exercise only such powers as are directly conferred by legislative action." *State ex rel. DeWine v. Court of Claims of Ohio*, 130 Ohio St.3d 244, 2011-Ohio-5283, 957 N.E.2d 280, ¶ 19. The extent of this court's jurisdiction over public records matters is set by R.C. 2743.75(A)(1). It limits that jurisdiction to claims alleging violations of R.C. 149.43(B). The court therefore lacks jurisdiction over records related claims not covered by R.C. 149.43(B). See e.g. *Sell v. Trumbull County Court of Common Pleas*, Ct. of Cl. No. 2022-00867PQ, 2023-Ohio-67, ¶ 5 (no jurisdiction over claims for court records); *Speros v. Secy. of State*, Ct. of Cl. No. 2017-00389-PQ, 2017-Ohio-8453, ¶ 27 (No jurisdiction over claims under R.C. 149.351, R.C. 149.352, R.C. 2913.42); *Robinson v. Village of Alexandria*, Ct. of Cl. No. 2017-00808PQ, 2018-Ohio-1581, ¶ 16 (no jurisdiction over claims under R.C. 149.39 and R.C. 149.40).

{¶6} R.C. 149.43(B) addresses the public offices' duties to produce public records after those records have been created. It does not require the creation of records that should have been, but were not created, or the correction of existing but allegedly inaccurate records. *State ex rel. Ware v. DeWine*, 10th Dist. Franklin No. 19AP-161, 2019-Ohio-5203, ¶ 48; *Ryan v. City of Ashtabula*, Ct. of Cl. Nos. 2022-00660PQ, 2022-00665PQ, 2022-00680PQ, 2023-Ohio-621, ¶¶ 19, 20. Instead, claims of records falsification are dealt with through the criminal process. R.C. 2921.12(A)(2).

{¶7} Mr. Martin does not claim that the Department wrongfully withheld or redacted a public record, claims that would be within the scope of R.C. 149.43(B). Instead, he seeks to compel the Department to create a new, in his view more accurate, report or to at least correct the existing report. This court lacks jurisdiction to entertain such a claim or grant such relief because it is beyond the scope of 149.43(B). It similarly lacks jurisdiction to address alleged violations of R.C. 2921.12(A)(2) because the "Court of Claims does not have jurisdiction to determine whether or not a crime has occurred[.]" *Evans v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-743, 2020-

Ohio-3191, ¶ 16. See also *Gunnell v. Secy. of State*, Ct. of Cl. No. 2014-00832, 2015-Ohio-5617, ¶ 17.

### III. Conclusion.

{¶8} The special master recommends that the court dismiss this case pursuant to R.C. 2743.75(D)(2) because Requester's claim is beyond the court's subject matter jurisdiction.

{¶9} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed April 13, 2023**
**Sent to S.C. Reporter 5/4/23**