THE STATE EX REL. PALLONE, APPELLANT,
*v.* OHIO COURT OF CLAIMS, APPELLEE.

[Cite as *State ex rel. Pallone v. Ohio Court of Claims,*
143 Ohio St.3d 493, 2015-Ohio-2003.]

(No. 2014–0663—Submitted February 3, 2015—Decided May 27, 2015.)

---

**Per Curiam.**

{¶ 1} Appellant, Roman Pallone, appeals the judgment of the Tenth District Court of Appeals dismissing his petition for a writ of mandamus. We affirm.

*Background*

{¶ 2} Pallone sued the Ohio Department of Natural Resources for damages in the Ohio Court of Claims. On January 30, 2013, after hearing the evidence, a magistrate recommended judgment in favor of the department.

{¶ 3} Pallone filed objections to the factual findings in the magistrate's report and recommendation, but his objections did not include a transcript or affidavit as

required by Civ.R. 53(D)(3)(b)(iii). On April 12, 2013, the Court of Claims overruled Pallone's objections and entered judgment in favor of the department.

{¶ 4} Pallone filed a notice of appeal to the Tenth District on May 10, 2013. On September 9, 2013, Pallone filed a proposed App.R. 9(C) statement of facts in the Court of Claims. App.R. 9(C) provides that if a transcript of lower court proceedings is unavailable, an appellant may prepare a statement of the evidence "from the best available means, including the appellant's recollection." [1]

{¶ 5} The Court of Claims rejected the proposed App.R. 9(C) statement on two occasions. The first time, that court ruled that the statement was filed out of rule. But on December 9, 2013, the Tenth District Court of Appeals granted Pallone's motion to remand the case with instructions to "settle the App.R. 9(C) statement on the merits." The Court of Claims then issued an entry on January 10, 2014, in which it rejected the App.R. 9(C) statement and, based on Pallone's failure to comply with Civ.R. 53(D)(3)(b)(iii), held that it was accepting the magistrate's factual findings as the statement of the evidence.

{¶ 6} Pallone filed a second motion to remand, arguing that Judge McGrath's January 10, 2014 entry was improper under App.R. 9. The court of appeals denied the motion, indicating that Pallone "may raise issues as to the trial court's Statement in his assignments of error." In the same journal entry, the appellate court denied Pallone's request for an extension of the January 31, 2014 deadline for filing his merit brief.

{¶ 7} Pallone failed to file a brief on or before January 31, 2014, and the court of appeals dismissed his appeal of the judgment in favor of the department.

{¶ 8} Pallone then commenced this mandamus action against the court of claims to compel the court to settle and approve his App.R. 9(C) statement and transmit it to the Tenth District as a supplemental record. The court of appeals dismissed the complaint, stating that "[b]y failing to file his brief in the appeal, [Pallone] has failed to exercise a plain and adequate remedy at law that bars this original action."

{¶ 9} Pallone timely appealed to this court, and the matter is fully briefed.

*Analysis*

{¶ 10} Mandamus will not issue to compel a vain act. *State ex rel. Julnes v. S. Euclid City Council,* 130 Ohio St.3d 6, 2011-Ohio-4485, 955 N.E.2d 363, ¶ 69. In this case, a writ of mandamus to compel the Court of Claims to approve Pallone's App.R. 9(C) statement would be a vain act.

---

1. For purposes of App.R. 9(C), a transcript is "unavailable" if the appellant is indigent. *State ex rel. Motley v. Capers,* 23 Ohio St.3d 56, 58, 491 N.E.2d 311 (1986). The Court of Claims had previously accepted Pallone's poverty affidavit only for the purpose of waiving the filing fee for the appeal.

{¶ 11} If a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by failing to provide a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv). The fact that the party later supplies a statement under App.R. 9(C) is of no consequence; the appellate court is still precluded from reviewing the factual findings. *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057–M, 2011-Ohio-6685, 2011 WL 6880733, ¶ 10. In plain terms, the court of appeals cannot consider evidence that the trial court did not have when it made its decision. *Herbert v. Herbert*, 12th Dist. Butler No. CA2011–07–132, 2012-Ohio-2147, 2012 WL 1681988, ¶ 13–15.

{¶ 12} In its present form, App.R. 9(C)(2) makes this result plain.

> In cases initially heard in the trial court by a magistrate, a party may use [an App.R. 9(C) statement] in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion. If any part of the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the court as set forth in Civ.R. 53(D)(3)(b)(iii) * * *.

As Pallone correctly notes, subsection (2) was added to App.R. 9(C) on July 1, 2013, *after* he filed his proposed statement. 135 Ohio St.3d XCVII. Pallone suggests that the amendment should not apply retroactively to his case.

{¶ 13} However, the Staff Note to the July 1, 2013 amendment to App.R. 9(C) makes clear that the 2013 amendments codified existing case law.

> App.R. 9 is amended to clarify that a statement of the evidence or proceedings in lieu of an unavailable transcript (under App.R. 9(C)) * * * is available only in limited circumstances in cases originally heard by a magistrate. One of the predicates for appealing from a factual finding in cases initially heard by a magistrate is that the trial judge must have had an adequate opportunity to conduct a full review of the factual finding. That full review is not possible unless the appellant provided the trial court with an adequate description of the evidence presented to the magistrate—either through a transcript or, if a transcript is unavailable, an affidavit describing that evidence. * * * Case law already provides that an appellate court will not review factual findings on appeal unless the appellant provided the trial court with that description of the evidence and that a statement under App.R. 9(C) or App.R. 9(D) does not overcome this problem. * * * But appellants nevertheless continue to attempt to use

such statements in these circumstances, suggesting a need for more explicit guidance in the rule.

135 Ohio St.3d XCVIII. Thus, even before the adoption of App.R. 9(C)(2), failure to file a transcript or affidavit with the objections to a magistrate's findings of fact constituted a waiver of appeal of those findings.

{¶ 14} In his briefs to this court, Pallone defends the timeliness of his App.R. 9(C) statement and criticizes what he considers are the trial court's procedural errors. However, he offers no response to the substantive legal question raised by the court of appeals: whether, having failed to comply with Civ.R. 53(D)(3)(b)(iii), Pallone is even eligible to submit an App.R. 9(C) statement.

*Conclusion*

{¶ 15} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Roman J. Pallone, pro se.

Michael DeWine, Attorney General, and Renata Y. Staff, Assistant Attorney General, for appellee.