[Cite as *Barclay Square Condo. Owners Assn. v. Ruble*, 2023-Ohio-1311.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| BARCLAY SQUARE CONDOMINIUM OWNERS ASSOCIATION | : | |
| | : | |
| | : | C.A. No. 29613 |
| Appellees | : | |
| | : | Trial Court Case No. 2021 CV 00752 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| JARED RUBLE, ET AL. | : | Court) |
| | : | |
| Appellees/Intervenor/Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 21, 2023

. . . . . . . . . . .

MAGDALENA MYERS, Attorney for Appellee, Barclay Square Condominium Owners Association

JARED RUBLE, Appellee, Pro Se

NAWAL PANDEY, Intervenor/Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Intervenor-Appellant, Nawal Pandey, appeals pro se from a trial court judgment overruling his amended motion to intervene and his motion to be designated as assignee for the judgment debtor, Jared Ruble. The judgment also granted Ruble's

motion for distribution of excess sales proceeds from the sheriff's sale of Ruble's property.

{¶ 2} According to Pandey, the trial court erred in overruling his original motion to intervene and the amended motion to intervene and in distributing the excess sales proceeds to Ruble, who was the judgment debtor in this foreclosure action. No party other than Pandey has filed a brief. We note that Pandey failed to file objections to the magistrate's decision, which the trial court adopted in part and rejected in part. Moreover, Pandey failed to file a transcript of the magistrate's hearing in the trial court before the court's decision. Review, therefore, is limited to plain error only.

{¶ 3} After reviewing the record, we conclude that no plain error occurred, and that Pandey's assignment of error is without merit. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 4} On February 25, 2021, Plaintiff-Appellee Barclay Square Condominium Owners Association ("Barclay") filed a foreclosure complaint against the following defendants: Jared Ruble; the unknown spouse of Jared Ruble, if any; and the Montgomery County Treasurer. According to the complaint, Jared Ruble owned a condominium unit, and Barclay had filed a certificate of lien on the property under R.C. 5311.18, in order to secure payment of maintenance fees, common expenses, and assessments. At the time, Ruble owed $5,077.95, together with interest at the rate of 8% per annum.

{¶ 5} Ruble and the unknown spouse were successfully served but failed to file an

answer.[1]   The trial court, therefore, filed a notice of default on April 22, 2021.   On April 27, 2021, Barclay filed a motion for default judgment with a statement of account, asking the court to grant a default judgment on its claim for foreclosure and a personal judgment against Jared Ruble in the amount of $5,500.23, with 8% interest per annum from April 5, 2021.   The trial court then filed a judgment entry and decree of foreclosure on April 28, 2021, and ordered the sheriff to pay various specific sums upon confirmation of the sale.   In addition, the court ordered that the equity of redemption of all defendants in and to the premises would be foreclosed unless the listed sums, together with the court costs, including the judicial certificates of title, were fully paid prior to the confirmation of sale.   Judgment Entry and Decree of Foreclosure (Apr. 28, 2021), p. 2-3.   The court also included a certification that there was no just reason for delay.   *Id.* at p. 2.   No appeal was taken from this judgment.

{¶ 6} On June 15, 2021, Barclay filed a praecipe for an order of sale; on the same day, the clerk directed the sheriff to sell the property.   On July 14, 2021, a notice was filed stating that a sheriff's sale of the property was scheduled for August 20, 2021, with an appraisal amount of $30,000.   The sheriff then returned a writ for order of sale on August 20, 2021, indicating that the property had been sold on August 20, 2021, to a buyer for $33,100.

{¶ 7} Subsequently, on September 21, 2021, Pandey filed a pro se motion with the court asserting that he was the owner of the property.   Pandey attached a warranty deed dated September 8, 2021, that Ruble allegedly had signed.   Pandey asked the court to

---

[1] There was no unknown spouse.   The Montgomery Country Treasurer was also served and filed an answer, but its participation is irrelevant for purposes of this appeal.

substitute him as a party defendant and as the beneficiary of all proceeds when confirming the sale and ordering distribution.

{¶ 8} On October 29, 2021, the trial court overruled Pandey's motion. The court first denied Pandey's request to intervene because he failed to follow Civ.R. 24(C) requirements for intervention. Specifically, Pandey failed to serve copies of the motion on two parties to the action: Jared Ruble and Ruble's unknown spouse, if any. Decision and Entry Overruling Motion of Nawal K. Pandey (Oct. 29, 2021), p. 2. The court further applied the doctrine of lis pendens, codified in R.C. 2703.26, to deny Pandey's request for an order acknowledging his ownership of the property. *Id.* at p. 2-3. Finally, the court denied Pandey's request for an order designating him as the beneficiary of any proceeds. This, again, was because Pandey had failed to provide notice to Ruble. *Id.* at p. 3-5.

{¶ 9} Also on October 29, 2021, the trial court filed a judgment entry confirming the sale and ordering distribution of funds from the sale. After payment of all expenses, the balance of the proceeds ($20,523.59) was to remain with the clerk pending further court orders. No appeal was taken from the confirmation order or from denial of the motion to intervene.

{¶ 10} After obtaining counsel, Pandey filed an amended motion to intervene on December 6, 2021, and additionally asked to be designated as assignee for Ruble. Pandey attached an assignment that Ruble allegedly had signed on September 15, 2021, assigning his title and interest in the property to Pandey. On January 4, 2022, Judy Deskins, as power of attorney ("POA") for Ruble, filed a pro se motion, asking the court

to deny that Pandey was Jared Ruble's assignee.   Deskins attached a POA that Ruble allegedly signed on September 8, 2021.

{¶ 11} On January 5, 2022, the clerk filed a notice of excess funds from the sale proceeds, together with directions for claiming the money.   Deskins then filed a request with the court on January 6, 2022, seeking distribution of the funds.   On January 23, 2022, the court issued an order setting various deadlines for responses to the pending motions.

{¶ 12} After both sides responded, the court referred the matter to a magistrate for a June 8, 2022 hearing on the motions.   On May 13, 2022, Deskins filed another pro se request on Ruble's behalf, seeking distribution of the funds.   The court then filed an amended notice of referral, setting this matter as well for the June 8, 2022 hearing before the magistrate.   Following the hearing, the magistrate filed a decision on July 20, 2022.

{¶ 13} According to the decision, the following persons appeared at the hearing: Pandey, represented by counsel; Ruble, pro se; and Deskins.   The magistrate's decision recounted the testimony of Pandey, Ruble, and Deskins and discussed documents that were admitted into evidence.   After describing these matters, the magistrate denied Pandey's motion to intervene as well as his request to be designated assignee of the funds, based on the doctrine of lis pendens.   The magistrate also denied Deskins's pro se motions, concluding that she was engaged in the unauthorized practice of law. However, since Ruble appeared at the hearing, made an oral motion for disbursement of the funds, and testified that he was aware Deskins (his mother) had filed the motions and that he had authorized her to do so, the magistrate granted Ruble's motion for

disbursement of the excess funds.

{¶ 14} An amended magistrate's decision was filed on August 5, 2022, adding instructions for filing objections to the decision. No objections to either decision were filed, nor was a hearing transcript filed.

{¶ 15} On September 12, 2021, the trial court filed a decision accepting in part and rejecting in part, with modification, the amended magistrate's decision. The court found an error of law on the face of the decision and rejected that part of the decision, but adopted the rest of the decision. The error related to the application of lis pendens, which the court found did not prevent a third party from acquiring an interest in property during pending litigation; instead, any interest a party acquires is subject to the outcome of the pending lawsuit. Final and Appealable Decision, Entry, and Order Accepting in Part and Rejecting in Part, With Modification, the Amended Magistrate's Decision (Sept. 12, 2022) ("Decision"), p. 5. The court further found, however, that when the sale of property is confirmed, the deed relates back to the day of sale and passes title as of that day (which here was August 20, 2021). As a result, Pandey could not challenge the buyer's title. *Id.* at p. 5-6.

{¶ 16} In addition, the court concluded that lis pendens would not prevent Jared Ruble from assigning an interest in the sale's residual proceeds. Thus, if Ruble had assigned the proceeds, Pandey could potentially claim an interest. *Id.* at p. 7. However, for two reasons, the court rejected Pandey's claim. First, Pandey's post-judgment amended motion to intervene was untimely. *Id.* at p. 6-7. Second, even if this were otherwise, Pandey failed to meet his burden of proving that he and Ruble had

entered into a contact, because Pandey failed to file a transcript of the magistrate's hearing. *Id.* at p. 7.

**{¶ 17}** In this regard, the court stressed that it was required to accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions. The court did remark that it could consider the filed exhibits. However, due to the parties' disagreement and the lack of a transcript, the court could not determine whether any exhibit was a contract to assign Ruble's rights. *Id.* at p. 7-8.

**{¶ 18}** Finally, the court found no error on the face of the amended decision concerning Deskins's motions and Ruble's oral motion. Decision at p. 8-9. The court therefore ordered the clerk to release the excess sales proceeds, minus any applicable costs. Pandey then timely appealed, pro se, from the court's decision.

## II. Alleged Trial Court Error

**{¶ 19}** Pandey's single assignment of error alleges that the trial court erred in overruling his motions to intervene and in distributing the excess sales proceeds to Ruble, the judgment debtor in the foreclosure action.

**{¶ 20}** In discussing this alleged error, Pandey points to various testimony that occurred during the magistrate's hearing and argues that the documents he submitted supported his claim. According to Pandey, the trial court also abused its discretion in denying his "motion" (presumably for intervention) because Pandey failed to file a hearing transcript. Pandey's position is that "the transcript did not exist when Motions were filed." Appellant's Brief, p. 10.

{¶ 21} In addition, Pandey challenges Deskins's testimony that the POA was revoked by questioning whether there was any evidence that the POA was ever revoked. *Id.* Furthermore, regarding the court's denial of the first motion to intervene, Pandey raises "excusable neglect," because he was unaware that he was required to serve Ruble with a copy of the motion. *Id.* at p. 9. And finally, concerning both the original and amended motions, Pandey contends the trial abused its discretion in overruling these motions because the court failed to specify the "legal deadline" for filing them. *Id.* at p. 10.

{¶ 22} Before we address any arguments, we note that our review is limited for two reasons. First, Pandey failed to file a transcript of the magistrate's hearing. "If a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by failing to provide a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv)." *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11. *See also State ex rel. Ralios v. Iannotta*, 150 Ohio St.3d 7, 2016-Ohio-3309, 78 N.E.3d 814, ¶ 6.

{¶ 23} The second reason is that Pandey failed to object to the magistrate's decision. Again, in that situation, we review only for plain error. *White v. Grange Ins. Co.*, 2d Dist. Montgomery No. 29151, 2022-Ohio-497, ¶ 41; *Brown v. Burnett*, 2020-Ohio-297, 144 N.E.3d 475, ¶ 16 (2d Dist.).

{¶ 24} In the docket statement filed with his notice of appeal, Pandey stated that he would file a statement of the record pursuant to App.R. 9(C). *See* Civil Docket

Statement (Oct. 11, 2022), p. 1. In this regard, App.R. 9(C)(2) provides, in pertinent part, that:

> In cases initially heard in the trial court by a magistrate, a party may use a statement under this division in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion. If any part of the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii) * * *.

{¶ 25} Pandey never filed a statement in compliance with App.R. 9(C)(1), which requires service of the statement of facts on appellees, a chance for appellees to respond, and submission of the statement and objections to the trial court for settlement and approval. Instead, Pandey simply made factual statements in his brief, which is insufficient. Moreover, even if Pandey had complied with the rule, "[t]he fact that the party later supplies a statement under App.R. 9(C) is of no consequence; the appellate court is still precluded from reviewing the factual findings. * * * In plain terms, the court of appeals cannot consider evidence that the trial court did not have when it made its decision." (Citations omitted.) *Pallone,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, at ¶ 11.

{¶ 26} Returning to the plain error doctrine, it "is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the

underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. *Accord White*, 2d Dist. Montgomery No. 29151, 2022-Ohio-497, at ¶ 41 (applying plain error in case involving failure to timely object to magistrate's decision). No such error occurred here.

### A. Original Motion to Intervene

**{¶ 27}** As noted, Pandey's original motion to intervene was filed on September 20, 2021, a month after the property had been sold at a sheriff's sale, and the trial court denied the motion because Pandey had failed to serve Ruble and another party with the motion.

**{¶ 28}** Civ.R. 24(A) provides for intervention of right on "timely application" in two situations. As relevant here, intervention is allowed "when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Civ. R. 24(A)(2). However, parties wishing to intervene must comply with Civ.R. 24(C), which states that:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought.

**{¶ 29}** There may be a question here whether appeal from denial of the original motion to intervene is properly before us, since Pandey did not appeal from that order within 30 days, as required by App.R. 3(A) and 4(A). "Under established law, we have the ability to consider our jurisdiction and may even raise it on our own motion." (Citations omitted.) *Cook v. Pitter Patter Learning Ctr., LLC*, 2d Dist. Montgomery No. 29260, 2022-Ohio-961, ¶ 52.

**{¶ 30}** "A motion to intervene is a right recognized by Civ.R. 24, the denial of which ordinarily affects a party's substantial right to intervene and is immediately appealable." *Schaffer v. Jones*, 1st Dist. Hamilton No. C-160684, 2017-Ohio-7730, ¶ 12, citing R.C. 2505.02(A)(1). If that were the case here, Pandey's failure to appeal within 30 days of the trial court's October 29, 2021 denial of his original motion would mean the appeal is untimely with respect to that decision and any argument about it cannot be considered.

**{¶ 31}** On the other hand, "denial of a motion to intervene does not affect a substantial right 'when the purpose for which intervention was sought may be litigated in another action.' " *Id.*, quoting *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 37. In *Gehm*, the court did say that "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm* at ¶ 31.

**{¶ 32}** *Gehm* involved a situation in which an insurer instituted a declaratory judgment action against its insured, seeking a decision on their respective rights under an insurance policy. *Id.* at ¶ 3. The insurer also attempted to intervene in an action its insured brought against a tortfeasor, but the trial court denied the motion to intervene.

*Id.* at ¶ 2. After the insurer appealed from the denial of its motion to intervene, the court of appeals dismissed the appeal based on lack of a final appealable order. The Supreme Court of Ohio then accepted the appeal for purposes of settling a conflict among appellate districts concerning whether a motion to intervene in this situation is a final appealable order under R.C. 2505.02. *Id.* at ¶ 4-6.

{¶ 33} The court found that intervention is a substantial right for purposes of R.C. 2505.02(A)(1), since it is granted by Civ.R. 24. *Id.* at ¶ 29. However, the court further held that denial of the motion did not determine the action and prevent a judgment because the insurer would not be estopped from pursing its claims in another case, i.e., the declaratory judgment it had already filed. *Id.* at ¶ 30-32.

{¶ 34} The situation here differs from *Gehm* in that it does not involve claims brought in a separate action. Therefore, an argument can be made that the denial of Pandey's initial motion was final and appealable. However, a counter-argument can be made that the denial was not a final appealable order because Pandey was able to file a second or "amended" motion, and the court actually held a hearing on Pandey's claims and decided the issue on the merits. While the trial court did again deny the motion to intervene, its decision was not based on the application of collateral estoppel. Instead, the court found the amended motion untimely and that Pandey's claim failed on the merits. Decision at p. 6-8.

{¶ 35} Assuming for the sake of argument that denial of the original motion to intervene was not a final appealable order and that we have jurisdiction to consider it, there is no dispute that Pandey failed to serve the motion as required. Therefore, the

trial court did not commit plain error, or any error, in rejecting the motion.

{¶ 36} Moreover, while Pandey claims "excusable neglect," that is not a basis for disregarding his failure to comply with Civ.R. 24(C)'s requirements. The rule " 'is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist. 2001). Accordingly, Pandey's argument about the decision on his original motion has no merit.

## B.   Amended Motion to Intervene

{¶ 37} Pandey obtained legal counsel and filed an amended motion to intervene on December 6, 2021, after the sale was confirmed. This was also after the time for appealing from the confirmation order had expired. The trial court did not immediately deny the amended motion, but referred the issue to a magistrate. After the magistrate rejected Pandey's claims, the court found that Pandey's amended motion to intervene was untimely. Pandey contends the court abused its discretion by failing to specify the legal deadlines for filing such motions.

{¶ 38} The court found Pandey's amended motion untimely because Pandey had known of his alleged interest for about three months before the motion was filed. Furthermore, Pandey filed the motion a month after the court had entered final judgment on the confirmation of sale. Decision at p. 7.

{¶ 39} Civ.R. 24 does not contain deadlines for filing motions to intervene, and the trial court therefore did not need to specify any time limits. However, the Supreme Court of Ohio has stressed that intervention of right is based on " '*timely application.*' " (Emphasis sic.) *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 502, 696 N.E.2d 1058 (1998). "Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case." *Id.* at 503.

{¶ 40} "The following factors are considered in determining timeliness: '(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.' " *Id.*, quoting *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984). Moreover, " [i]ntervention after final judgment has been entered is unusual and ordinarily will not be granted." *Id.* at 503-504, citing *State ex rel. Gray Rd. Fill, Inc. v. Wray*, 109 Ohio App.3d 812, 815, 673 N.E.2d 198 (10th Dist.1996). (Other citation omitted.)

{¶ 41} Here, Pandey's amended motion was filed after judgment, and the trial court did not commit plain error in relying on this fact. Pandey also knew of his alleged interest in the property well before the confirmation order was filed. His choice to wait until after confirmation of sale additionally impacted Ruble's rights. Specifically, because Pandey failed to send his original motion to Ruble, there is no indication that Ruble knew, before

confirmation, that Pandey intended to claim any right to excess sale funds. This is relevant due to the nature of foreclosure proceedings.

**{¶ 42}** The Supreme Court of Ohio has said that "two judgments are appealable in foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 35, agreeing with *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040, ¶ 20. S*ee also Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, ¶ 18. Because the original foreclosure judgment in this case was filed at the end of April 2021, Ruble's right to appeal would have expired 30 days after that judgment. Ruble also could have appealed from the confirmation order, which was filed on October 29, 2021. However, before Pandey served his amended motion to intervene on Ruble, the time for appealing that order had already lapsed as well.

**{¶ 43}** A third avenue of relief existed for Ruble, because "a mortgagor's right to redeem is 'absolute and may be validly exercised at any time prior to the confirmation of sale.' " *Hausman v. Dayton*, 73 Ohio St.3d 671, 676, 653 N.E.2d 1190 (1995), quoting *Women's Fed. Sav. Bank v. Pappadakes*, 38 Ohio St.3d 143, 146, 527 N.E.2d 792 (1988). "The right of redemption is not a debt owed to the mortgagor by the mortgagee, but rather is a mortgagor's right to take prescribed action to satisfy a debt secured by a mortgage." *Id.* at 677. "To effect a redemption of property under R.C. 2329.33, the mortgagor-debtor must deposit the amount of the judgment with all costs specified." *Pappadakes* at paragraph one of the syllabus.

{¶ 44} Thus, up until October 29, 2021, Ruble could have redeemed the property by depositing the amount of the judgment and costs (which would have been significantly less than the property's appraised value or the $33,100 price received at the August 20, 2021 sheriff's sale). Again, however, Ruble would not have been served with any motion to intervene before the December 6, 2021 filing, and the redemption option would have already expired on October 29, 2021, when the sale was confirmed.

{¶ 45} None of this is to say that Ruble would have elected to appeal or to redeem the property. Ruble may have chosen, instead, to allow the property debts to be paid and to recover the fairly substantial sum of more than $20,000 in excess proceeds. However, any prejudice due to Pandey's failure to promptly (and correctly) file a motion to intervene would have affected Ruble's rights or choice to redeem the property.

{¶ 46} In addition, while the trial court's decision did not focus on this point, our review of the record reveals that Pandey's amended motion was deficient in another significant way. As noted, Civ.R. 24(C) states that the motion "shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." Courts have denied motions to intervene that were not accompanied by any pleading. *E.g., State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 144, 656 N.E.2d 1277 (1995), citing *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections*, 72 Ohio St.3d 69, 70, 647 N.E.2d 769 (1995); *U.S. Bank Natl. Assn. v. Conrad*, 2018-Ohio-994, 108 N.E.3d 1156, ¶ 21 (2d Dist.) (finding no error in decision denying an intervention motion where it was not accompanied by a pleading); *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-

Ohio-1523, 905 N.E.2d 1192, ¶ 21-22.

**{¶ 47}** A pleading under Civ.R. 7(A) is defined as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Civ.R. 14; and a third-party answer, if a third-party complaint is served."  The documents filed with Pandey's amended motion to intervene were not pleadings as defined by Civ.R. 7(A), and this is another reason why the trial court did not err in rejecting the amended motion.  Notably, Pandey has failed to show any exceptional circumstances that challenge the legitimacy of the judicial system. *Goldfuss*, 79 Ohio St.3d at 116, 679 N.E.2d 1099.

### C.   Remaining Arguments

**{¶ 48}** Pandey argues that he was not required to file a transcript because it did not exist when his motions were filed.  This argument is not well-founded.  Transcripts are filed so that trial courts can properly consider a magistrate's factual findings.  Likewise, they allow appellate courts to review the record to decide if a trial court has abused its discretion.  No one would expect a party bringing a motion to file transcripts of hearings that have not yet been held.   As we stressed before, while Pandey is a pro se litigant, he is presumed to know about the law and legal procedures.  *Fuller*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, at ¶ 10.

**{¶ 49}** Finally, Pandey's other arguments pertain to factual issues, like whether sufficient evidence was presented at the hearing to indicate that Ruble revoked Deskins's

POA. Pandey also contends, of course, that he purchased Ruble's property and/or that Ruble assigned his interest in the property and any sales proceeds to Pandey. The trial court noted that it could not decide these matters because the only evidence it could consider (the exhibits) would require a transcript to resolve. We find no plain error or any error in the trial court's decision. The magistrate's decision reveals conflicts in the testimony, and we have no ability to consider those matters.

{¶ 50} Based on the preceding discussion, Pandey's sole assignment is overruled.

III. Conclusion

{¶ 51} Pandey's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and HUFFMAN, J., concur.