[Cite as *State v. Kelly*, 2024-Ohio-932.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case Nos.   2023 AP 10 0052 |
| CEDRICK KELLY | : |           2023 AP 10 0053 |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:         Appeal from the New Philadelphia
                                 Municipal Court, Case CRB500042 (A), (B)
                                 & (C) and 990077(A) & (B)

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          March 14, 2024

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MADISON MCWILLIAMS                    CEDRICK KELLY PRO SE
Assistant Prosecutor                  1440 3rd St. S.E.
150 East High Aavenue                 New Philadelphia, OH 44663
New Philadelphia, OH 44663

*Gwin, P.J.*

**{¶1}** Defendant-Appellant Cedrick Kelly ["Kelly"], pro se, appeals the October 5, 2023 decision of the New Philadelphia Municipal Court, Tuscarawas County, Ohio denying his motion to seal records. Appellee, the State of Ohio did not file a brief.

*Facts and Procedural History*

**{¶2}** On or about June 29, 1999, Kelly was charged in New Philadelphia Municipal Court Case No. 990077(A) & (B)[1] with one count of sale or furnishing alcohol to an underaged person, a misdemeanor of the first degree in violation of R.C. 4301.69(B) and one count of underage consumption of alcohol, a misdemeanor of the first degree in violation of R.C. 4301.632.[2]

**{¶3}** On February 9, 2001, the trial judge granted the state's motion to dismiss the furnishing alcohol to a minor case and Kelly pled no contest to the underage consumption case, and was found guilty by the trial judge.

**{¶4}** On or about January 10, 2005, Kelly was charged in New Philadelphia Municipal Court Case No CRB500042 (A), (B) & (C)[3] with 2 counts of violation of a protective order, misdemeanors of the first degree in violation of R.C. 2919.26 and one count of resisting arrest, a misdemeanor of the second degree in violation of R.C. 2923.33(A).

**{¶5}** The trial judge granted the state's motion to dismiss the two counts of violation of a protective order in New Philadelphia Municipal Court Case Nos. CRB500042(A) and (B) on July 5, 2005. On January 23, 2006, Kelly pled no contest and

---

[1] 5th Dist. Tuscarawas No. 2023 AP 10 0053

[2] R.C. 4301.632, "Prohibitions; Persons under Twenty-one Years of Age" was repealed on Oct. 11, 2002. *But see*, R.C. 4301.631, "Prohibition; minors under eighteen years; low alcohol beverages."

[3] 5th Dist. Tuscarawas No. 2023 AP 10 0052

was found guilty by the trial judge of resisting arrest in New Philadelphia Municipal Court Case No CRB500042(C).

{¶6}   On September 23, 2013, the trial court found that the final date of discharge had not yet occurred, and overruled Kelly's Motion to Seal the Records in these cases.

{¶7}   On June 26, 2023, Kelly filed a motion to seal the records in New Philadelphia Municipal Court Case No. 990077(A) & (B) and New Philadelphia Municipal Court Case Nos. CRB500042 (A), (B) & (C).

{¶8}   A hearing on Kelly's motion was held before a magistrate on September 22, 2023[4]. The magistrate noted that Kelly appeared pro se and an assistant prosecutor appeared on behalf of the state. The magistrate further noted that the state did not file any written objections to sealing nor did the prosecutor orally object at the hearing to the sealing of the records.

{¶9}   The magistrate found that one year had passed since Kelly's final discharge in both cases and that Kelly is eligible for consideration to seal the records pursuant to R.C. 2953.32. The magistrate further found that Kelly had no criminal proceedings pending against him at the time.

{¶10} After hearing the evidence, the magistrate recommended that Kelly's motion to seal the records be denied finding,

> The Magistrate further finds that while both of these convictions are more than ten years old, Defendant has had numerous other convictions as recently as 2016 for possession and trafficking in cocaine. Defendant's other convictions include, but are not limited to, falsification, multiple counts

---

[4] A transcript of the hearing was not filed with the record in this case.

of violating a protection order, operating a motor vehicle under the influence, assault and passing bad checks.

{¶11} Based upon Defendant's lengthy violent criminal history, the Magistrate finds that the State's legitimate interest in maintaining these records outweighs Defendant's interest in having these matters sealed.

{¶12} Therefore, the Magistrate recommends that Defendant's Motion to Seal the record of these convictions be denied.

{¶13} The trial judge after an independent review of the record, approved and adopted the magistrate's decision in full.

*Assignment of Error*

{¶14} Kelly raises one Assignment of Error,

{¶15} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SEAL AS ITS FINDING WAS UNREASONABLE AND ARBITRARY BY NOT CONSIDERING THE APPELLANT'S REHABILITATION."

*Law and Analysis*

**Pro se Appellant**

{¶16} We understand that Kelly has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP–116, 2006–Ohio–3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No. 2007–T–0022, 2008–Ohio–2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005–Ohio–6494, ¶ 4 (internal quotation omitted). Although in a pro se

action the court allows latitude to the unrepresented defendant in the presentation of his case, the court is not required to totally throw the Rules out the window. *See, Wellington v. Mahoning Cty. Bd. of Elections,* 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 554, ¶18. (A substantial disregard for the rules cannot be tolerated).

{¶17}  A transcript of the hearing held before the magistrate was not filed with the record in this case. Pursuant to App.R. 9(B), it is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."  Id. at 199, *citing State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court has nothing to pass upon and must presume the validity of the trial court's proceedings and affirm. Id. This means that "we must presume that the trial court acted with regularity and did not abuse its discretion."  *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988).

*Failure to file objections and transcript with the trial court*

{¶18}  Two procedural issues impede our consideration of Kelly's appeal. First, Kelly failed to file written objections to the magistrate's decision. If there are no timely objections filed, "the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Except for a claim of plain error, a party may not appeal a trial court's adoption of a magistrate's factual finding or legal conclusion unless the party has first

objected to that finding or conclusion in the trial court. *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶11; *See*, also, *State ex rel. Neguse v. McIntosh,* 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶9; *Lamp v. Lamp*, 5th Dist. Muskingum No. CT2003-0054, 2004-Ohio-6262, 2004 WL 2674563; *In re Lemon*, 5th Dist. Stark No. 2002 CA 00098, 2002-Ohio-6263, 2002 WL 31546216. The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself."  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

{¶19}  Second, Kelly failed to file a transcript of the proceedings with the trial judge. "[B]y failing to provide a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv)." *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶11. When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 1995–Ohio–272; *Oyler v. Oyler,* 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, ¶27.

{¶20}  In the case at bar, Kelly did not file objections to the magistrate's decision and did not file a transcript of the hearing before the magistrate in the trial court. Because the trial judge did not consider the transcript of the hearing before the magistrate, we

would not be able to consider the transcript of the hearing before the magistrate even if Kelly had insured it was filed with the record on appeal. Id.

**Issue for Appellate Review:** *Whether the trial judge's decision to adopt the magistrate's recommendation was plain error.*

**{¶21}** There is no dispute in this matter that Kelly is an eligible offender. Thus, under R.C. 21953.32(D)(1) in effect at the time that Kelly filed his application to seal the records the court was then required to (1) determine whether criminal proceedings were pending against the applicant; (2) determine whether the applicant had been rehabilitated to the satisfaction of the court; (3) consider the reasons presented by the prosecutor against granting the application; and (4) weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶22}** The court denied Kelly's motion to seal the records finding the state's legitimate interest in maintaining these records outweighs Kelly's interest in having these matters sealed due to his lengthy violent criminal history.

**{¶23}** It is the applicant's burden to demonstrate legitimate reasons, as opposed to a general privacy interest, why the records should not remain open to the public. *State v. J.D.,* 2013-Ohio-4706, 1 N.E.3d 434, ¶ 8 (8th Dist.), *citing State v. Haney*, 70 Ohio App.3d 135, 590 N.E.2d 445 (10th Dist. 1991). Appellant's burden is met by presenting evidence or testimony supporting the application. The trial court must have evidence or testimony upon which to base its decision to seal the record. *State v. N.C.*, 9th Dist. Summit No. 29775, 2022-Ohio-781, ¶ 11, *citing State v. A.V.,* 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, at ¶ 9. "Once this burden is met and those needs

outweigh the legitimate interests of the state in maintaining the records, the application should be freely granted." Id., *citing State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755 (1st Dist.).

{¶24}  Pursuant to Civ.R. 53(D)(3)(b)(iv), Kelly's failure to object to the magistrate's decision bars him from "assign[ing] as error on appeal the court's adoption of any factual finding or legal conclusion" of the magistrate. Accordingly, we limit our review to plain error." *State ex rel. Hunley v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 354, 2019-Ohio-933, 126 N.E.3d 1122, ¶ 5.

{¶25}  In addition, we cannot consider the transcript from the hearing before the magistrate because Kelly did not file it in the trial court to be consider when the trial court reviewed the magistrate's decision. "The lack of a transcript * * * precludes an assessment of whether the evidence supports the trial court's conclusions or if the judgment is against the manifest weight of the evidence." *Reproductive Gynecology, Inc. v. Wu*, 10th Dist. No. 22AP-141, 2023-Ohio-2557, ¶ 37.

{¶26}  Therefore, to the extent that Kelly relies on evidence from the hearing transcript which was not before the trial judge his argument must fail. *State v. Ishmail*, 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500(1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."); *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶11 ("The fact that the party later supplies a statement under App.R. 9(C) is of no consequence; the appellate court is still precluded from reviewing the factual findings...

In plain terms, the court of appeals cannot consider evidence that the trial court did not have when it made its decision.") (citations omitted.)

{¶27} We find this is not the exceptionally rare case in which the error rises to the level of challenging the legitimacy of the underlying judicial process itself. The magistrate's ruling filed October 5, 2023 contained the following caveat to the parties,

> *A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Criminal Rule 19 (D)(3)(a)(ii), unless the party timely and specifically objects to the factual finding or legal conclusion as required by Criminal Rule 19(D)(3)(b).*
>
> NOTICE: copies of this magistrate's decision have been mailed to the parties or their counsel. *Written objections to this magistrate's decision must be filed within fourteen days of the filing date of this decision*. The objections must be specific and state with particularity the grounds of the objection. *If you object to a finding of fact, a copy of the transcript must be provided to the court.* (emphasis added).

{¶28} Kelly was advised of his duties in order to object to the magistrate's decision. He neither filed objections nor a transcript. Upon review, we do not find any plain error regarding the trial judge's adoption of the magistrate's decision under the facts of this case.

{¶29} Kelly's sole Assignment of Error is overruled.

{¶30} The judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed.

By Gwin, P.J,

Hoffman, J., and

Wise, J., concur.