[Cite as *State v. Kelly*, 2024-Ohio-985.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2023 AP 10 0051 |
| CEDRICK KELLY | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Appeal from the New Philadelphia
                             Municipal Court, Case CRB-1100224
                             (A)-(C)

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 15, 2024

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MADISON MCWILLIAMS                    CEDRICK KELLY PRO SE
Assistant Prosecutor                  1440 3rd St. S.E.
150 East High Aavenue                 New Philadelphia, OH 44663
New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Defendant-Appellant Cedrick Kelly ["Kelly"], pro se, appeals the October 5, 2023 decision of the New Philadelphia Municipal Court, Tuscarawas County, Ohio denying his motion to seal records. Appellee, the State of Ohio did not file a brief.

*Facts and Procedural History*

{¶2} On or about February 16, 2011, in New Philadelphia Municipal Court Case No. CRB-1100224(A), (B), and (C), Kelly was charge with two counts of Assault, misdemeanors of the first degree in violation of R.C. 2903.13 and one count of Aggravated Menacing, a misdemeanor of the first degree, in violation of R.C. 2903.21.

{¶3} By Judgment Entry filed April 26, 2012, the state dismissed the count of aggravated menacing and reduced the two counts of assault, to two counts of disorderly conduct with persistence, in violation of R.C. 2917.11(A)(1)/(E)(3), misdemeanors of the fourth degree.

{¶4} On June 26, 2023, Kelly filed a motion to seal the records in the above-captioned case. A hearing on Kelly's motion was held before a magistrate on September 22, 2023[1]. The magistrate noted that Kelly appeared pro se and an assistant prosecutor appeared on behalf of the state and orally objected at the hearing to the sealing of the records due to outstanding fines and court costs still owed by Kelly.

{¶5} After hearing, the magistrate found that one year had not passed since Kelly's discharge in this case because he still has outstanding fines and court costs due in this case. *Magistrate's Decision and Judgment Entry Denying Defendant's Motion to Seal,* filed Oct. 5, 2023. [Docket Entry No. 82]. The trial judge after an independent review

---

[1] A transcript of the hearing was not filed with the record in this case.

of the record, approved and adopted the magistrate's decision in full. *Judgment Entry Adopting Decision of the Magistrate,* filed October 5, 2023.

*Assignment of Error*

**{¶6}**    Kelly raises one Assignment of Error,

**{¶7}**    "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S APPLICATION FOR EXPUNGEMENT AS ITS FINDING THAT THE APPELLANT HAS NOT PASSED FINAL DISCHARGE IN THE INSTANT MATTER." [sic.]

## Law and Analysis

**{¶8}**    Kelly contends that the trial court erred because he completed the sentence imposed by the trial court and "sent the costs to the Attorney General for collections, which illustrates the costs involved were civil and thus were not part of the criminal sanctions." Appellant's brief at 3.

## Pro se Appellant

**{¶9}**    We understand that Kelly has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP–116, 2006–Ohio–3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No. 2007–T–0022, 2008–Ohio–2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005–Ohio–6494, ¶ 4 (internal quotation omitted). Although in a pro se action the court allows latitude to the unrepresented defendant in the presentation of his case, the court is not required to totally throw the Rules out the window. *See, Wellington*

*v. Mahoning Cty. Bd. of Elections,* 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 554, ¶18. (A substantial disregard for the rules cannot be tolerated).

{¶10} A transcript of the hearing held before the magistrate was not filed with the record in this case. Pursuant to App.R. 9(B), it is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Id. at 199, *citing State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court has nothing to pass upon and must presume the validity of the trial court's proceedings and affirm. Id. This means that "we must presume that the trial court acted with regularity and did not abuse its discretion." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988).

*Failure to file objections and transcript with the trial court*

{¶11} Two procedural issues impede our consideration of Kelly's appeal. First, Kelly failed to file written objections to the magistrate's decision. If there are no timely objections filed, "the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Except for a claim of plain error, a party may not appeal a trial court's adoption of a magistrate's factual finding or legal conclusion unless the party has first objected to that finding or conclusion in the trial court. *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶11; *See*, also, *State*

*ex rel. Neguse v. McIntosh,* 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶9; *Lamp v. Lamp*, 5th Dist. Muskingum No. CT2003-0054, 2004-Ohio-6262, 2004 WL 2674563; *In re Lemon*, 5th Dist. Stark No. 2002 CA 00098, 2002-Ohio-6263, 2002 WL 31546216. The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

{¶12}　Second, Kelly failed to file a transcript of the proceedings with the trial judge. "[B]y failing to provide a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv)." *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶11. When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 1995–Ohio–272; *Oyler v. Oyler,* 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, ¶27.

{¶13}　In the case at bar, Kelly did not file objections to the magistrate's decision and did not file a transcript of the hearing before the magistrate in the trial court. Because the trial judge did not consider the transcript of the hearing before the magistrate, we would not be able to consider the transcript of the hearing before the magistrate even if Kelly had insured it was filed with the record on appeal. Id.

**Issue for Appellate Review:** *Whether the trial judge's decision to adopt the magistrate's recommendation was plain error.*

{¶14} "[T]he final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements." *State v. Aquirre*, 144 Ohio St.3d 179, 2014–Ohio–4603, 41 N.E.2d 1178 ¶ 28. Because expungement is a privilege and not a right, a trial court shall only grant expungement to an applicant who meets all the requirements presented in R.C. 2953.32. *State v. Morris*, 5th Dist. Licking No. 09–CA–128, 2010–Ohio–2403, ¶ 8, *citing State v. Simon,* 87 Ohio St.3d 531, 533, 2000–Ohio–474, 721 N.E.2d 1041. An appellate court reviews a trial court's decision to grant or deny a motion to seal records pursuant to R.C. 2953.52 for an abuse of discretion. *State v. Poole*, 5th Dist. Perry No. 10–CA–21, 2011–Ohio–2956, ¶ 11, *citing State v. Widder*, 146 Ohio App.3d 445, 766 N.E.2d 1018, 2001–Ohio–1521, ¶ 6 (9th Dist.)

{¶15} The Supreme Court has determined that "the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements." *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 28. "'Final discharge' has not been achieved until an individual has served all criminal portions of the punishment imposed by the court." *State v. T.M.*, 8th Dist. No. 101194, 2014-Ohio-5688, ¶ 15. "This includes any period of prison or jail, any period of postrelease control or community control, and the payment of restitution *and any fine imposed*." Id., *citing Aguirre* at ¶ 12-19 (Emphasis added). *Accord, In re A.R.M.,* 10th Dist. Franklin No. 18AP-554, 2019-Ohio-1325, ¶13; *State v. Paige,* 10th Dist. Franklin No. 15AP-510, 2015-Ohio-4876, ¶11; *State v. T.M.,* 8th Dist. Cuyahoga No. 101194, 2014-Ohio-5688, ¶7; *State v. S.D.,* 2nd Dist. Montgomery No. 28615, 2020-Ohio-4597, ¶8, n.3.

{¶16} Pursuant to Civ.R. 53(D)(3)(b)(iv), Kelly's failure to object to the magistrate's decision bars him from "assign[ing] as error on appeal the court's adoption of any factual finding or legal conclusion" of the magistrate. Accordingly, we limit our review to plain error." *State ex rel. Hunley v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 354, 2019-Ohio-933, 126 N.E.3d 1122, ¶ 5.

{¶17} In addition, we cannot consider the transcript from the hearing before the magistrate because Kelly did not file it in the trial court to be consider when the trial court reviewed the magistrate's decision. "The lack of a transcript * * * precludes an assessment of whether the evidence supports the trial court's conclusions or if the judgment is against the manifest weight of the evidence." *Reproductive Gynecology, Inc. v. Wu*, 10th Dist. No. 22AP-141, 2023-Ohio-2557, ¶ 37.

{¶18} Therefore, to the extent that Kelly relies on evidence from the hearing transcript which was not before the trial judge his argument must fail. *State v. Ishmail*, 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500(1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."); *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶11 ("The fact that the party later supplies a statement under App.R. 9(C) is of no consequence; the appellate court is still precluded from reviewing the factual findings... In plain terms, the court of appeals cannot consider evidence that the trial court did not have when it made its decision.") (citations omitted.)

{¶19}  Kelly makes no argument in his brief concerning outstanding fines in the case. At the time the trial judge adopted the magistrate's decision, she found fines were still owing. If the fines have been paid, Kelly can file the motion anew in the trial court.

{¶20}  We find no abuse of discretion or plain error regarding the trial judge's adoption of the magistrate's decision under the facts of this case.

{¶21}  Kelly's sole Assignment of Error is overruled.

{¶22}  The judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed.

By Gwin, P.J,

Hoffman, J., and

Wise, J., concur